UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPECTRUM BRANDS, INC., | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No. 2:16CV30 HEA |
| COMPTON'S LLC, et al., | ) ) ) ) |
|     Defendants, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Order to Show Cause, [Doc. No. 99]. Defendants oppose the Motion. For the reasons set forth below, the Motion is granted.

### Background

On August 21, 2018, this Court granted Plaintiff Spectrum Brands, Inc. ("Spectrum") summary judgment as to the liability of Defendants Compton's LLC ("CLLC") and Richard Compton ("Compton") (collectively, "Defendants") for breach of contract.  Defendants were held to have breached their agreements to perform, fulfill, indemnify Spectrum for all environmental remediation relating to hazardous trichloroethylene ("TCE") contamination at the real property located at 708 S. Missouri St, Macon, MO 63552 ("Property").

Following the August 21 Order, the parties presented to the Court a jointly executed Consent Decree and Judgment which included monetary and non-monetary relief for Spectrum. The Court entered the executed document as a Consent Judgment on the record on September 13, 2018. Therein, the Court retained jurisdiction to enforce the Consent Judgment.

## Discussion

Spectrum now moves for an Order requiring Defendants to show cause as to why they should not be held in contempt of Court for violating the Consent Judgment. Spectrum states that Defendants have violated Paragraph 9 of the Consent Judgment, which requires Defendants to cease operations on the Property by June 1, 2019, unless Spectrum provided an extension of time. Spectrum did agree to provide several extensions to this deadline, but ultimately informed Defendants that no further extension past January 22, 2020 would be offered. Pursuant to the Consent Judgment, then, Defendants were required to cease operations by January 22, 2020. Defendants admit that they have continued operations on the Property beyond January 22, 2020 but argue that they are unable to cease operations in compliance with the Consent Judgment.

A party seeking contempt sanctions bears the burden of proving by clear and convincing evidence facts warranting a civil contempt order. *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000). An overarching goal of

a court's contempt power is "to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Id.* Civil contempt may be used to coerce a party to comply with a court order, to compensate the alleged contemnor's opponent for losses sustained, or both. *Id.* at 505. "[A] mere 'present inability to comply' is a defense to civil contempt," so long as the inability to comply is not self-induced and the party has in good faith made all reasonable efforts to comply. *Id.* at 506 (quoting *United States v. Rylander*, 460 U.S. 752, 757 (1983)).

In their memorandum in opposition to the instant motion, Defendants state that they are unable to cease operations. Defendants state that they are a large employer in a small rural town, that Compton has been unable to find a suitable location to move his business (CLLC), and that the Property currently has about 50 semi-trailer loads of inventory which they cannot immediately dispose of or sell.

Defendants claim that they could not pare down inventory because the nature of their business requires that they accept "a full truckload [of inventory] at a time or nothing at all." Defendants further argue that they have merely continued operating the business with the consent of Spectrum, stating "Plaintiff cannot now profess surprise that there is inventory in the building." Defendants claim that they are trying to find a way to dispose of the remaining inventory now that they are no longer permitted to operate, and report that the local dump will not

accept the inventory.   Having filed their opposition in February of this year, Defendants posited that ceasing operations would result in the Property's pipes freezing and damage to the inventory in which Spectrum has a security interest.

Defendants also suggest that to require Compton to show that he has been searching for a location to move CLLC is pointless, as he is a lifelong resident of the area, he knows what properties are in the area, has investigated the few properties in the area that would work for his business, and has been unable to locate anything suitable.

Defendants contend that they "have no good options" and have continued with Spectrum to seek a mutually agreeable plan for disposition of the inventory. Defendants suggest that a contempt order would be inappropriate under the circumstances because they "have not shown disregard or contempt for the Court."

Spectrum has met their burden of showing by clear and convincing evidence that Defendants are operating their business on the Property in violation of the Consent Judgment.   At this point, Defendants have failed to show that their purported inability to comply is not self-induced or that they have in good faith made all reasonable efforts to comply.   Outside of assertions that Compton has inquired to no avail about appropriate properties for relocation, Defendants have offered no evidence of actions taken to vacate the Property since entry of the Consent Judgment.   Additionally, Defendants' problem of having excessive

inventory seems self-induced given that Defendants continued to acquire "truckloads" of inventory notwithstanding Defendants' obligation to vacate the Property.

Accordingly, Defendants are ordered to show cause as to why they should not be held in contempt of Court for violating the Consent Judgment entered on September 13, 2018.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order to Show Cause [Doc. No. 99], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Compton's LLC and Richard Compton shall, within fourteen (14) days of the date of this Order, show cause as to why they should not be held in contempt of court violating the Consent Judgment entered by this Court on September 13, 2018.

Dated this 10th day of July, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE